IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,825-01






EX PARTE HARRY EDWIN GIBSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 815646 IN THE 228TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to sixty years' imprisonment. Applicant's appeal was
dismissed for want of jurisdiction. Gibson v. State, No. 01-00-418-CR (Tex. App.-Houston,
delivered June 29, 2000). 

 Applicant contends, inter alia, that his counsel rendered ineffective assistance because
counsel failed to timely file a notice of appeal, causing his appeal to be dismissed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 Applicant may have requested that his appellate counsel withdraw his appeal prior to a
hearing ordered by the First Court of Appeals. The reporter's record from that hearing states that
Applicant had informed his counsel of his desire to withdraw the appeal and had signed a waiver of
his appeal. No written waiver of appeal is in the writ record. 

 The trial court shall provide appellate counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant wished to withdraw his
appeal while it was still pending in the Court of Appeals. The trial court shall make findings of fact
as to whether Applicant signed a waiver of appeal and if so, shall supplement the record with a copy
of that written waiver. The trial court shall make findings of fact as to whether Applicant was denied
his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 1, 2009

Do not publish